UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE ROSOLEN and DANIEL
ROSOLEN,

    Plaintiffs,

v.                                                        Case No.:  2:19-cv-24-FtM-38NPM

HOME PERFORMANCE ALLIANCE,
INC.,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Home Performance Alliance, Inc.'s Amended Motion for Summary Judgment (Doc. 38) and Plaintiffs Diane and Daniel Rosolen's (collectively "Rosolen") Response in Opposition (Doc. 49).  For these reasons, the Court denies the Motion without prejudice.

In part, Rosolen opposes summary judgment under Rule 56(d).  That Rule follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Parties seeking the relief offered by Rule 56(d) cannot rely on vague assertions that additional discovery is necessary.  *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019).  Instead, a party "must specifically

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (internal quotation marks and citation omitted). In general, however, courts should not grant summary judgment until the nonmovant can conduct discovery. *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

Rosolen's argument on incomplete discovery is well taken. The discovery deadline is over four months away. Home Performance moved for summary judgment over five months before the end of discovery. And it did so when Rosolen had a pending Motion to Compel (Doc. 35). That Motion is still pending. Among the many disputes is whether Home Performance is a creditor under the statute central to one of Rosolen's claims. So it is clear the resolution of the Motion to Compel, and possibly other discovery matters, are necessary before Rosolen can adequately oppose summary judgment. *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-20159-Civ-SCOLA, 2012 WL 12845624, at *1 (S.D. Fla. Aug. 13, 2012) (denying summary judgment because a pending motion to compel was relevant to summary judgment). Therefore, good cause exists to deny Home Performance's Amended Motion for Summary Judgment under Rule 56(d) with leave to refile. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Classic Yacht Serv., Inc.*, No. 2:18-cv-153-FtM-99UAM, 2019 WL 1858294, at *1 (M.D. Fla. Apr. 25, 2019) (denying summary judgment on this basis); *see also Mullins-Shurling v. Sch. Bd. of Lee Cty.*, No. 2:15-cv-323-FtM-38CM, 2016 WL 3570958, at *1 (M.D. Fla. July 1, 2016); *Kennedy v. W. Coast Dev. Corp. of Naples, Inc.*, No. 2:15-cv-736-FtM-38MRM, 2016 WL 614611, at *1 (M.D. Fla. Feb. 16, 2016).

Accordingly, it is now

**ORDERED:**

Defendant's Amended Motion for Summary Judgment (Doc. 38) is **DENIED without prejudice**. Defendant may file an amended motion for summary judgment after all necessary discovery takes place.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of November, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record