UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE ROSOLEN and DANIEL
ROSOLEN,

        Plaintiffs,

v.                                   Case No.:  2:19-cv-24-FtM-38NPM

HOME PERFORMANCE ALLIANCE,
INC.,

        Defendant.
_____/

## ORDER[1]

      Before the Court is Plaintiffs' Motion Requesting the Court to Reserve Jurisdiction to Tax Attorney's Fees and Costs on Defendant's Claim of Lien (Doc. 77) and Defendant's response in opposition (Doc. 79).  Twice, Defendant brought counterclaims for breach of contract and to foreclose a construction lien.  (Docs. 10 at 15-19; 28 at 19-23).  Both times, Plaintiffs answered the counterclaims, denied the allegations, and requested attorney's fees and costs.  (Docs. 22 at 2-3, 9; 30 at 3-4).  When Defendant filed a second amended answer and counterclaim, it did not seek to foreclose the lien.  (Doc. 71 at 18-19).  So Plaintiffs say they are the prevailing party on that issue and ask the Court to reserve jurisdiction over fees and costs until the remaining breach of contract counterclaim is resolved.  Defendant opposes on several grounds.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Plaintiffs concede resolving fees and costs is premature with the other counterclaim pending. It appears Plaintiffs simply want to preserve the issue and put Defendant on notice. But Plaintiffs already did so through the pleadings. What is more, the Court need not "reserve jurisdiction." The Court already has jurisdiction. And no judgment was entered on any claims. Federal Rule 54 and Local Rule 4.18 govern the timing of motions for fees and costs. Both require motions to be filed within fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d); Local Rule 4.18(a). So this Motion can be denied with leave for Plaintiffs to move for fees and costs (at the appropriate time) if necessary.

Under certain circumstances not present here, parties may file fee motions before judgment. Meidling v. Walgreen Co., No. 8:12-cv-2268-T-TBM, 2015 WL 12838340, at *7 (M.D. Fla. June 19, 2015) (allowing a motion filed between a from-the-bench oral judgment and entry of final judgment). Yet when a case is ongoing without a judgment, Middle District courts usually leave attorney's fees for the end. Hendricks v. Rambosk, No. 2:10-cv-526-FtM-29DNF, 2011 WL 4903072, at *1 (M.D. Fla. Oct. 13, 2011); Founders Ins. v. Cortes-Garcia, No. 8:10-CIV-2286-T-EAK-AEP, 2013 WL 937820, at *2 (M.D. Fla. Mar. 11, 2013); see also Vignoli v. Clifton Apartments, Inc., No. 12-24508-CIV-KING/TORRES, 2014 WL 12498216, at *2 (S.D. Fla. May 16, 2014). Without any reason to proceed otherwise, the Court will do so here.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion Requesting the Court to Reserve Jurisdiction to Tax Attorney's Fees and Costs on Defendant's Claim of Lien (Doc. 77) is **DENIED**. If necessary,

Plaintiffs may file a motion for attorney's fees and costs at the appropriate time in accordance with the Federal and Local Rules.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record