## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

CIVIL ACTION NO. 19-CV-00024-SPC-CM

| | |
|---|---|
| DIANE ROSOLEN and DANIEL ROSOLEN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| HOME PERFORMANCE ALLIANCE, INC. | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND COSTS**

COME NOW the Plaintiffs, **DIANE ROSOLEN and DANIEL ROSOLEN**, by and through the undersigned counsel files this response in opposition to **HOME PERFORMANCE ALLIANCE, INC.'s** Motion for Entitlement to Attorney's Fees and Costs and state as follows:

1. This motion is premature as to date, no judgment has been entered in favor of Home Performance Alliance Inc.

2. Home Performance Alliance Inc. is not the prevailing party and as such is not entitled to attorney's fees and costs. No determination has yet been made as to the rest of Plaintiffs' claims.

3. Home Performance Alliance Inc.'s Offer of Judgment served on March 3, 2020 and its Offer of Judgment served on June 1, 2020 are both invalid and do not entitle Home Performance Alliance Inc. to attorney's fees or costs.

4. Home Performance Alliance Inc.'s reliance on an alleged contract is misplaced as there has been no determination by this Court as to the validity or applicability of any alleged

contract. Plaintiffs' position throughout their pleadings and this litigation has been that there is no contract. Further, this Court does not have jurisdiction to determine the validity of any alleged contract.

5. Home Performance Alliance Inc. seeks fees pursuant to TILA. The Defendant is not entitled to attorney's fees under TILA based on the plain language of the statute.

## MEMORANDUM OF LAW

Home Performance Alliance Inc.'s (hereinafter "HPA" or Defendant) motion for attorney's fees and costs is premature as no judgment has been entered in anyone's favor to date. On October 28, 2020 this Court entered an order granting the Defendant's motion for summary judgment as to Plaintiffs' first count of their second amended complaint. D.E. 125. Since then, no judgment has been entered. A judgment must be entered before a party can move to tax costs. See: Fed. R. Civ. P. 54. As such, Defendant's motion is premature and must be denied. Should this Court find that the order entered on October 28, 2020 granting summary judgment is a judgment, the Defendant's motion still fails. The offers of judgment were both invalid, HPA was not the prevailing party, and any alleged contract is inapplicable. Plaintiffs contend there is no contract, and there has been no judicial determination made as to the validity or applicability of any alleged contract. Further, the Defendant is not entitled to attorney's fees or costs under TILA. Further, the Court declined to exercise any supplemental jurisdiction, and the order at D.E. 125 did not reserve jurisdiction to make any determinations or rulings on issues relating to attorney's fees and costs.

Defendant Home Performance Alliance Inc. is not the prevailing party. The rest of Plaintiffs' claims have yet to be adjudicated, along with HPA's counterclaim. Obtaining summary judgment on one of Plaintiffs' five counts, while receiving no adjudication on the Defendant's counterclaim hardly makes the Defendant the prevailing party. "To be a prevailing party [a] party

need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)" *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). Here, there has been no judgment rendered in HPA's favor. Should the order granting summary judgment be considered a judgment that is only an adjudication on one claim. The Plaintiffs' remaining claims have yet to be adjudicated, as does HPA's counter claim. HPA cannot be the prevailing party when there are so many unresolved issues and claims, including its own counterclaim. It is axiomatic that there must be a judicial determination on the merits in order for there to be a *prevailing* party. *See: Marquart v. Lodge 837, Int'l Assoc. of Machinists and Aerospace Workers,*26 F.3d 842 (8th Cir.1994) (engaging in a detailed and very thorough discussion of the matter and concluding that, in order to be a prevailing party, a defendant must point to a judicial declaration to its benefit); *Keene Corp. v. Cass,*908 F.2d 293 (8th Cir.1990); *Coates v. Bechtel,*811 F.2d 1045 (7th Cir.1987). *Branch*, 183 F.R.D. 281, 285 (M.D. Fla. 1998). In the instant case, there has been no judicial declaration to the Defendant's benefit, let alone on the merits. The Defendant here cannot point to a judicial declaration to its benefit that would entitle it to prevailing party status. The litigation is still very much ongoing in state court.

Several courts have held that a defendant cannot be a *prevailing* party when the complaint is dismissed or disposed of for lack of jurisdiction, subject matter or otherwise. *See: Daugherty v. Westminster Schools, Inc.,*174 F.R.D. 118, 120-22 (N.D.Ga.1997); *Sellers v. Local 1598,*614 F.Supp. 141, 143 (E.D.Pa.1985). *Branch*, 183 F.R.D. 281, 286 (M.D. Fla. 1998). The remaining claims here were dismissed with the ability to refile in state court as the Court declined to exercise supplemental jurisdiction. Both parties have refiled in state court. "A defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit." *Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 10 (11th Cir. 2016). That is not what we have here. Plaintiffs are

still actively pursuing their claims in state court, and fully intend to achieve the benefits sought through their suit. HPA is not the prevailing party.

HPA requests that this Court grant attorney's fees on all counts of the Plaintiffs' complaint based on their Rue 68 offers, stating that they have offered the full amount of available damages. This argument fails for two reasons: 1. the offers of judgment are defective and invalid; and 2. there is no contract that limits the available damages for the Plaintiffs. The offers of judgment were meant to encompass all claims, all damages, all fees, and all costs.  The Defendant did not specify just the TILA claim when sending over the offer of judgments. HPA also failed to specify what portion was damages versus costs versus attorney's fees. The offers of judgment failed to take into consideration HPA's counterclaim, and did not resolve the litigation. Proposals for settlement, similar to offers of judgment, are penal in nature. Proposals for settlement must be strictly construed in favor of the one against whom the penalty is imposed. *Nunez v. Allen*, 194 So. 3d 554 (Fla. 5th DCA 2016). Further, these types of proposals must be strictly construed because it is in derogation of common law.

HPA's claim under Rule 68 also fails because Federal Rule 68 does not allow a defendant to recover costs when judgment is entered in the defendant's favor. *See Delta Air Lines v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). *Goldberg v. Pacific Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010). Defendant is unable to recover costs under Federal Rule 68 because this is a situation for which the Federal Rule does not allow recovery. *Goldberg v. Pacific Indem. Co.*, 627 F.3d 752, 756-57 (9th Cir. 2010). The United States Supreme Court has ruled that where the plaintiff obtains no judgment from the defendant seeking costs (i.e., judgment is for the defendant), Rule 68 does not apply. *Hercules, Inc. v. AIU Insurance*, 784 A.2d 481, 509

(Del. 2001). This is identical to the case at bar, and as such HPA is not entitled to attorney's fees or costs under Rule 68.

HPA initially counter claimed for two counts on July 9, 2019. One count for breach of contract and one for a lien foreclosure. After Plaintiffs' second amended complaint was filed, they responded on March 13, 2020 with a one count counterclaim for breach of contract. HPA's second count for lien foreclosure was effectively dropped, or dismissed. Neither of the offers of judgment addressed either count, or either counterclaim.

The Plaintiffs have not sued on any alleged contract. HPA filed a counterclaim for breach of contract and attached a contract to that. There has not been, nor can there be, an adjudication as to the validity of the contract from which HPA seeks fees. Defendant cannot seek attorney's fees pursuant to a contract when there has been no determination that the contract was valid. This Court does not have jurisdiction to make a determination as to the contract as all Plaintiffs' remaining claims and HPA's counter claims have been dismissed without prejudice. This Court has declined to exercise supplemental jurisdiction over those claims. As such, the Defendant cannot rely on any alleged contract for fees.

HPA also seeks fees under TILA. Federal law controls the award of fees authorized by 15 U.S.C. § 1640(a)(3). *Citibank Fed. Sav. Bank v. Sandel,* 766 So.2d 302, 303 (Fla. 4th DCA 2000). " *BONFIGLIO v. EMC MORTG. CORP*, 935 So. 2d 561, 563 (Fla. Dist. Ct. App. 2006). As such, we can look to the statute itself. The plain language of the statute prohibits the Defendant from attorney's fees under TILA:

> **"(3)** in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court;" 15 U.S.C. § 1640.

There is no provision under TILA that grants attorney's fees to prevailing lenders, and as such the Defendant is not entitled to attorney's fees under TILA. *Bonner v. Redwood Mortgage Corp.*, No. C 10-00479 WHA, at *5 (N.D. Cal. June 17, 2010). HPA's claim for attorney's fees and costs must be denied.

The overwhelming authority on this issue does not support HPA's position that fees can be awarded under the contract. "Dismissals for lack of subject matter jurisdiction, such as Judge Cohn's dismissal or the Eleventh Circuit's affirmation of Judge Cohn's decision, or dismissals without prejudice in general, usually do not qualify parties for prevailing party status." Ffrench v. Ffrench, 418 F. Supp. 3d 1186, 1190 (S.D. Fla. 2019) *citing I*nterim Healthcare Inc. v. Suncoast Loving Care, LLC, No. 18-60766, 2018 WL 6620314, at *3 (S.D. Fla. Nov. 28, 2018) ("Although Defendants prevailed in having the [plaintiff's] breach of contract claims dismissed in the federal court, they have not prevailed in the overall litigation, as those same claims may now be re-filed in the state court."), report and recommendation affirmed and adopted, 2018 WL 6978625 (S.D. Fla. Dec. 28, 2018); Szabo Food Servs. Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987) (defendant was not prevailing party where complaint was dismissed without prejudice because the dismissal did "not decide the case on the merits ....The defendant remains at risk").

HPA relies on *Overman v. Imico Brickell, LLC*, 08-21091-CIV, 2009 WL 68826, at *3 (S.D. Fla. Jan. 6, 2009) and Kamel v. Kenco/The Oaks at Boca Raton, LP, 07-80905-CIV, 2008 WL 3471594, at *2 (S.D. Fla. Aug. 11, 2008) for the proposition that fees may be awarded under the alleged contract. But a critical distinction exists between those cases and here: a presumption that a valid contract exists. The district court in *Overman* and *Kamel* presumed the parties entered into a valid and binding contract. But here, the Rosolens dispute, in no uncertain terms, that a contract exists. This is because no contract was ever formed between the parties, and even if it allegedly was, they have a myriad of defenses that result in the contract being declared void.

There is also no discussion in *Overman* and *Kamel* on the issue of whether a contract existed between the parties or if the plaintiff had defenses to the contract. Simply put, those two cases cannot be used as precedent for this case.

HPA invites the Court to commit error by citing *Overman* and *Kamel*. But to award fees based on the contract would require the Court to indirectly rule on the merits of HPA's breach of contract claim. That the Court cannot do because it does not have jurisdiction. The Court dismissed HPA's breach of contract claim without prejudice, and therefore, cannot rule (directly or indirectly) on the merits of that claim. HPA's briefing proves the above true. It spends the better part of three pages arguing the parties have a valid and binding contract. Faced with a similar situation, the district court in *Corcel* recognized that "in order to award Defendants fees and costs, the Court would have to make a merits based determination" about the plaintiff's statutory claim, but "[h]aving refused to exercise jurisdiction over the Florida RICO claim, it would be inappropriate for this Court to decide that merits based question." Corcel Corp., Inc. v. Ferguson Enterprises, Inc., 12-80896-CIV, 2013 WL 12084487, at *3 (S.D. Fla. Oct. 4, 2013). "Simply put, this Court should not award attorney's fees and costs based upon a claim over which it chose not to exercise jurisdiction and upon which it did not rule." *Corcel Corp., Inc. v. Ferguson Enterprises, Inc.*, 12-80896-CIV, 2013 WL 12084487, at *1 (S.D. Fla. Oct. 4, 2013) relying on <u>Design Pallets, Inc. v. Gray Robinson</u>, 583 F. Supp. 2d 1282 (M.D. Fla. 2008). The Court chose not to exercise jurisdiction over the breach of contract claim cannot make a merits based determination on whether HPA can enforce the attorney's fees provision in that contract.

The only claim HPA prevailed on was TILA, and TILA does not allow HPA to recover attorney's fees or costs. HPA's motion for attorney's fees and costs must be denied.

## CONCLUSION

For the foregoing reasons, Home Performance Alliance, Inc. is not entitled to attorney's fees and costs, and Plaintiffs respectfully request this Honorable Court deny the Defendant's motion and any other relief deemed mete and proper.

### Request for Oral Argument

Pursuant to local rule 3.01(j), Plaintiffs respectfully request oral argument and estimate that 1 hour would be required for argument.

**WHEREFORE**, Plaintiff respectfully requests this Court deny **HOME PERFORMANCE ALLIANCE, INC.'s** Motion for Entitlement to Attorney's Fees and Costs and grant such other relief as this Court may deem appropriate.

### CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020 a copy of the foregoing document was filed electronically. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Maria R. Alaimo*
Maria R. Alaimo, Esq.
FL Bar No.: 103870
VILES & BECKMAN, LLC
*Attorneys for Plaintiffs*
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105
Email: Maria@vilesandbeckman.com
Secondary: AOsborne@vilesandbeckman.com

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946