UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE ROSOLEN and DANIEL ROSOLEN,

    Plaintiffs,

v.                                                Case No. 2:19-cv-24-JLB-NPM

HOME PERFORMANCE ALLIANCE, INC.,

    Defendant.

_____

## REPORT AND RECOMMENDATION

Before the Court are Defendant's Motions for Award of Costs and for Entitlement to Attorneys' Fees (Docs. 132, 133). Pursuant to Federal Rules of Civil Procedure 54(b) and 68, as well as its July 26, 2018 contract with Plaintiffs Diane and Daniel Rosolen, Defendant Home Performance Alliance, Inc. ("HPA") seeks costs in the amount of $4,375.83 for court reporter and duplication expenses. (Doc. 131; Doc. 132). HPA also argues it is entitled to attorneys' fees pursuant to the contract. (Doc. 133). Arguing that HPA did not prevail, that its motions are premature, and that its Rule 68 offers of judgment were invalid, the Rosolens contend HPA should not be awarded any costs and it is not entitled to any fees. (Doc. 136).

I.     PROCEDURAL BACKGROUND

The Rosolens initiated this suit in federal court, alleging HPA violated the federal Truth in Lending Act ("TILA") and advancing five other claims under Florida law. (Doc. 68). HPA counterclaimed for breach of contract. (Doc. 71). On October 28, 2020, the District Court granted summary judgment in favor of HPA as to the TILA claim because it found that HPA was not a "creditor" as defined by TILA. (Doc. 125, pp. 9-15). The Court declined to exercise supplemental jurisdiction over the parties' remaining state law claims. (Doc. 125, pp. 15-16). It dismissed the Rosolens' state-law claims and HPA's counterclaim without prejudice, and the litigation remains ongoing in state court. (Doc. 125, p. 16; Doc. 136, p. 3).

The Rosolens argue the fee-and-cost motions are premature because judgment had not yet been entered when the motions, along with the bill and affidavit of costs, were filed on November 25, 2020. But this has been remedied in two ways. First, by operation of Rule 58(c)(2)(B), the summary judgment order became a judgment on March 29, 2021,[1] and, following an amended summary judgment order to correct a scrivener's error (Doc. 139), a judgment was filed by separate document on April 26, 2021 (Doc. 140). Consequently, the motions are not premature.

---

[1] *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1270 n.7 (11th Cir. 2015).

## II.     RULE 68

During the course of the litigation, HPA served the Rosolens with two Rule 68 offers of judgment: a March 3, 2020 offer of $10,000, and a June 1, 2020 offer of $19,988—the latter of which HPA contends is the maximum amount of damages for which it may be held liable pursuant to its contract with the Rosolens. Each offer was inclusive of fees and costs. (Doc. 130). The offers went unaccepted.

HPA cites Rule 68 in support of its request for costs. But as the Rosolens correctly point out, Rule 68 does not apply. Rule 68 cost shifting only occurs when the offerees—the Rosolens—obtain a judgment that "is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68. Here, the Rosolens obtained no judgment at all, so Rule 68 cost shifting is not available to HPA. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.").

## III.    CONTRACTUAL FEE AND COST SHIFTING

HPA argues that it is entitled to fees and costs pursuant to its contract with the Rosolens. While there is no dispute that the Rosolens executed the contract (Doc. 91-1, p. 33; Doc. 139, p. 4), the Rosolens allege they subsequently "exercised their right to rescind." (Doc. 68, ¶ 69). But under Florida law, which governs the contract

3

here (Doc. 91-1, p. 35), any subsequent rescission does not nullify the previously agreed upon fee-shifting provision in the contract. Rather, "when litigation ensues in connection with a validly formed contract, attorney's fees may be recovered under a prevailing-party provision of the contract even though the contract has been rescinded or held to be unenforceable." *High Bid, LLC v. Everett*, 522 F. App'x 688, 695 (2013) (citing *David v. Richman*, 568 So. 2d 922, 924 (Fla. 1990)).

While the contractual fee-shifting provision is enforceable, it is not near as broad as HPA contends. The fee-shifting provision states:

> Should Contractor employ an attorney to institute litigation or arbitration to enforce any of the provisions hereof, to protect its interest in any matter arising out of or related to this Agreement, Contractor shall be entitled to recover from the Customer all of its attorney's fees and costs/expenses incurred therein, including attorney's fees, and costs/expenses incurred at mediation, administrative, appellate or bankruptcy proceedings.

(Doc. 91-1, p. 36). HPA would have us read this text as an entitlement to fees and costs whenever it employs an attorney to: (1) institute litigation or arbitration to enforce any provision of the contract, *or* (2) protect its interest in any matter arising out of or related to the contract. But this unambiguous fee-shifting provision is not written in the disjunctive and we may not rewrite it. *See Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1297 (11th Cir. 2019) ("[I]t's not the function of the courts to rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent

4

hardship of an improvident bargain.") (internal quotations and citation omitted); *Internaves de Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 898 F.3d 1087, 1097 (11th Cir. 2018) ("[C]ourts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.") (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).

Instead, we must interpret the contract "in accordance with its plain meaning." *Dear*, 933 F.3d at 1293. In accord with general rules of grammatical construction, the "to protect" clause simply qualifies the language that comes before it. *See Dunkin' Donuts of America, Inc. v. Minerva, Inc.*, 956 F.2d 1566, 1573 (11th Cir. 1992). And so, HPA may be entitled to recover fees and costs under the contract when it institutes litigation to enforce a provision of the contract and thereby protect an interest about something arising from or related to the contract. That cannot be said with respect to the TILA claim on which HPA prevailed.[2]

Even if the contract could or should be read as providing for fee and cost shifting whenever HPA engages counsel to protect its interests in a matter arising from or related to the contract, the TILA claim did not arise out of or relate to the

---

[2] The Court should not accept HPA's suggestion that it has prevailed on all claims between the parties based on the contention that the contract caps HPA's damages and HPA offered to have a judgment entered against it for the full amount of the cap. Instead, the Court dismissed the state-law claims without prejudice and the parties continue to litigate them in state court.

contract. As the Court reasoned in its summary-judgment order, "the Windows Contract is clearly not an extension of credit governed by TILA." (Doc. 139, p. 9). Since the contract had nothing to do with lending any money to the Rosolens, their TILA claim against HPA did not arise from or relate to it. *See Tronnes v. Moe's Southwest Grill*, LLC, 664 F. App'x 828, 830 (11th Cir. 2016) (reasoning that the district court erred in granting a contractual fee award because the dispute did not directly relate to the performance of a duty specified in the contract and so it did not arise from or relate to it).

In sum, because the scope of the contractual fee-shifting provision is limited to contract-enforcement actions, the judgment in HPA's favor on the TILA claim does not supply a basis to invoke it. And even if the fee-shifting provision allows for the recovery of fees and costs in other matters arising from or related to the contract, the TILA claim did not arise from or relate to the contract because the TILA dispute did not relate to the performance of any duty under the contract. HPA is not entitled to any fees or costs under the contract in this case.[3]

## IV.   RULE 54 COSTS

The Court has granted summary judgment in favor of HPA on the Rosolens' federal claim and declined to exercise supplemental jurisdiction over—and

---

[3] As defined in Local Rule 1.01(d)(3), the word "case" does not encompass the claims being litigated in state court.

6

dismissed without prejudice—the parties' state law claims. Thus, HPA is the prevailing party under Rule 54(d) and is entitled to costs because "as far as the federal case [is] concerned, defendant[] prevailed." *Head v. Medford*, 62 F.3d 351, 354-355 (11th Cir. 1995).

HPA seeks $4,375.83 in costs: $4,350.89 for seven deposition transcripts,[4] and $24.94 for copying costs. It filed a bill of costs (Doc. 131), accompanied by an affidavit of costs (Doc. 131-1) and supporting documentation for the transcript expenses (Doc. 131-2). Other than challenging HPA's entitlement to costs, the Rosolens did not offer any itemized objections to HPA's bill of costs. (Doc. 136).

Federal Rule of Civil Procedure 54(d)(1) codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013). It provides that costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). While using "should" makes clear that "whether to award costs ultimately lies within the sound discretion of the district court," *Marx*, 568 U.S. at 377, if a court exercises its discretion to deny full costs, it "must have and state a sound basis," *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

---

[4] Before the parties conducted any depositions, HPA moved for summary judgment (Doc. 38). But the Rosolens argued that discovery was needed before they could fully respond to HPA's arguments regarding the TILA claim (and others). (Doc. 49, p. 12). So, the Court denied HPA's initial motion for summary judgment without prejudice and provided that HPA could file a motion for summary judgment after all necessary discovery took place. (Doc. 50).

7

Section 1920 of Title 28 of the United States Code limits a district court's discretion under Rule 54(d)(1) by listing costs a court may allow. *Maris Distr. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). They are:

> (1)  Fees of the clerk and marshal;
>
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)  Docket fees under section 1923 of this title;
>
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may decline to allow costs in section 1920 but may not allow costs not in section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-443 (1987).

For a transcript or photocopy, whether the cost is allowable depends on whether it was reasonably necessary for the movant to obtain the transcript or copy (allowable) or the movant obtained the transcript or copy merely for convenience, to aid in thorough preparation, or for investigative purposes (not allowable). *EEOC v. W&O, Inc.*, 213 F.3d 600, 620, 623 (11th Cir. 2000). Costs associated with depositions relied on for summary judgment motions are taxable. *Id*. at 621. That a

deposition transcript was not used at summary judgment does not preclude a determination it was reasonably necessary absent a showing it was unrelated to an issue in the case when it was taken. *Id*. at 621-622.

Copied documents need not be used as court exhibits or furnished to the court or opposing counsel to be deemed necessary. *Id*. Copies attributable to discovery are taxable. *Id*. Costs for general copying are not. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). A court may exclude costs of copying if the requesting party makes no showing the copies were necessary for the case. *See Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015); *see also Watson v. Lake Cty.*, 492 F. App'x 991, 998 (11th Cir. 2012) (remanding for further findings when district court awarded costs for "B&W printing" and "color copies" but the record did not explain what documents were copied).

The Rosolens have not argued any deposition was not reasonably necessary. Awarding costs for the deposition transcripts themselves is warranted,[5] as is the court reporter costs for the deposition exhibits (presumably for copying them). Photocopies of exhibits about which a deponent testifies aid in understanding the testimony and thus may be allowed as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4);

---

[5] Costs for both full-size and condensed transcripts are warranted. The Court prefers the submission of condensed transcripts when supplied in support of motions.

*see also Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1298-1299 (M.D. Ala. 2012) (cited with approval in *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-J-34JRK, 2015 WL 5724369, *7 n.8 (M.D. Fla. Sept. 28, 2015)).

Costs for expedited transcripts may be taxable if they are necessary. *Maris*, 302 F.3d at 1225-1226. HPA has not explained why it ordered expedited processing of Rachel and Vanessa Rosolen's depositions or shown why that was necessary or unavoidable. Excluding the $584.64 for three-day expediting is warranted. And since costs for shipment of depositions are not taxable under section 1920, *Watson*, 492 F. App'x at 997, it appears that excluding the $45 for processing and handling Gary Delia's Rule 30(b)(6) deposition is warranted.

HPA requests $24.94 in copying costs and explains it incurred them "in preparation for depositions and in its briefs on the parties['] motions for summary judgment." (Doc. 132, p. 7). While there is no explanation as to the number of pages or costs per page, given the description in HPA's motion, and the absence of objection from the Rosolens, awarding the requested copying costs is warranted. *Cf. Perkins v. Tolen*, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, *2 (M.D. Fla. July 13, 2012) (awarding photocopy costs despite lack of evidence for request where $120.80 requested was "de minimis" and losing party did not oppose the request). Thus, awarding $3,746.19 in costs ($3,721.25 for transcripts and $24.94 for printing) is warranted.

## V.  CONCLUSION

By federal statute, "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment ... and shall be compounded annually." *Id*. § 1961(b). Interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the judgment." *Id*. § 1961(a).

Under this statute, post-judgment interest is mandatory. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994). And costs awarded pursuant to Rule 54(d) accrue interest from the date of the appealable judgment on the merits. *See Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-cv-2960-T-SPF, 2020 WL 1873595, *11 (M.D. Fla. Apr. 15, 2020) (collecting cases). Accordingly, the award of costs should bear interest from the Rule 58(c)(2)(B) judgment date of March 29, 2021.

Finally, while the Rosolens requested oral argument (Doc. 136, p. 7), assistance from the parties to assess the points presented is not needed.

## VI. RECOMMENDATION

Accordingly, it is respectfully recommended:

1) Defendant's Motion for Award of Costs (Doc. 132) be **GRANTED in part**.

2) Defendant's Motion for Entitlement to Attorneys' Fees (Doc. 133) be **DENIED**.

3) The **Clerk** be directed to amend the judgment in favor of Defendant and against Plaintiff to award costs in the amount of $3,746.19 and specifying that this award of costs bears post-judgment interest under 28 U.S.C. § 1961(a) from March 29, 2021, until paid.

Reported in Fort Myers, Florida on August 26, 2021.

*[signature: Nicholas P. Mizell]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**