UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE ROSOLEN and DANIEL ROSOLEN,

      Plaintiffs,

v.                                Case No. 2:19-cv-24-JLB-NPM

HOME PERFORMANCE ALLIANCE, INC.,

      Defendant.

_____/

## ORDER

The Magistrate Judge filed a Report and Recommendation ("R&R") in this matter on August 26, 2021, recommending that Defendant Home Performance Alliance, Inc.'s ("HPA") motion for taxation of costs (Doc. 132) be granted in part, and that its motion for attorneys' fees (Doc. 133) be denied.  (Doc. 141.)  Plaintiffs Diane Rosolen and Daniel Rosolen (collectively, "the Rosolens") have filed two objections to the R&R: (1) the Magistrate Judge erred in concluding that HPA was the prevailing party in this case under Federal Rule of Civil Procedure 54(d); and (2) even if HPA is the prevailing party, the issue of costs is not ripe.  (Doc. 142.) After considering the Rosolens' objections and HPA's response (Doc. 143), the Court concludes that the R&R is correct and adopts it in full.

### STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  Legal conclusions are reviewed de novo even without an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

**Objection 1: HPA is not the prevailing party under Rule 54(d).**

The Magistrate Judge found that HPA is the prevailing party in this case under Rule 54(d) because the Court entered summary judgment in its favor on the Rosolens' sole federal count and declined to exercise supplemental jurisdiction over the remainder of their state-law counts.  (Doc. 139; Doc. 141 at 6–7.)  The Rosolens object to this finding because HPA withdrew a state-law counterclaim against them based on Florida's Construction Lien Law, Fla. Stat. §§ 713.001–.037.  (Doc. 142 at 3–5.)  Thus, in the Rosolens' view, the Magistrate Judge incorrectly applied the Eleventh Circuit's ruling in Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (finding that a defendant was the prevailing party when the district court entered summary judgment on plaintiff's federal claim and declined to exercise supplemental jurisdiction over the remaining state-law claims).

The Court disagrees.  For one thing, the Rosolens did not squarely present this argument to the Magistrate Judge in their response to HPA's motions for costs and attorneys' fees.  (Doc. 143 at 3.)  As such, the Court may decline to address this argument as a matter of discretion.  Shultz v. Sec'y of U.S. Air Force, 522 F. App'x 503, 506 (11th Cir. 2013).

Even if the Court were to address the Rosolens' argument, it would fail on the merits. A prevailing party "is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant." Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs., 452 F.3d 1254, 1257 (11th Cir. 2006) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 604 (2001)). "But prevailing party status relates to the case, not just individual counts within the federal case." Absolute Activist Value Master Fund Ltd. v. Devine, No. 2:15-cv-328-FtM-29MRMM, 2019 WL 3491962, at *3 (M.D. Fla. Aug. 1, 2019), aff'd, 826 F. App'x 876 (11th Cir. 2020).

The fact that HPA withdrew a minor counterclaim does not affect its status as a prevailing party. See Peralta v. Greco Int'l Corp., No. 11-22224-CIV, 2012 WL 5199600, at *3 (S.D. Fla. Oct. 22, 2012) ("Peralta's successful defense on a minor counterclaim does not preclude [d]efendants' recovery."). "When defendants do not prevail on counterclaims, but successfully defend against a large claim, defendants may be considered the 'prevailing parties' within the meaning of [Rule 54]." Two Palms Software, Inc. v. Worldwide Freight Mgmt. LLC, No. 4:10-CV-1045 CEJ, 2012 WL 6608611, at *1 (E.D. Mo. Dec. 18, 2012) (citing Sci. Holding Co. v. Plessey, Inc., 510 F.2d 15, 28 (2nd Cir. 1974)). Contrary to the Rosolens' representations, the Court does not see any meaningful distinction between this case and the Eleventh Circuit's decision in Head, and none of the authorities cited by the Rosolens carry the day. Accordingly, the Rosolens' first objection is overruled.

**Objection 2: Even if HPA is the prevailing party, the issue of costs is not ripe for consideration.**

The Rosolens next argue that even if HPA is the "prevailing party," the issue of costs is not yet ripe.  (Doc. 142 at 6.)  This argument stems from a sentence in <u>Head</u>, which reads, "Thus, defendants were the prevailing party in the district court for purposes of Rule 54(d) and are entitled to their costs <u>unless the district court has some special reason to deny the costs</u>."  62 F.3d at 355 (emphasis added).  Relying on the "special reason" language in this sentence, the District of New Mexico held that its decision not to exercise supplemental jurisdiction over the plaintiff's state-law claims also means that "the issue of costs is not ripe for consideration" because the state-law claims have not been decided.  <u>Seeds v. Lucero</u>, No. CIV 00-1341 BB/LFG-ACE, 2002 WL 35649996, at *2 (D.N.M. May 21, 2002).  And this lack of "ripeness" provided a "special reason" for denying costs to the defendants.  <u>Id.</u>

The Rosolens now rely on <u>Seeds</u> to advance the same argument—the issue of costs is not yet "ripe" because the state-law claims have not been decided, and this provides a "special circumstance" for denying costs under <u>Head</u>.  Once again, this argument was not before the Magistrate Judge, and this Court may choose to not address it.  <u>Shultz</u>, 522 F. App'x at 506.

Even if the Court were to reach this argument, the Rosolens' objection would nonetheless be overruled.  Neither the Eleventh Circuit nor any of its district courts has adopted the <u>Seeds</u> court's strained reading of <u>Head</u>.  In fact, the Tenth Circuit appears to have rejected the reasoning of <u>Seeds</u>.  <u>See</u> <u>Allen v. Lang</u>, 738 F. App'x 934, 944 (10th Cir. 2018) ("[W]hether Mr. Allen might prevail on his state claims in

state court and obtain the damages he seeks is beside the point."); see also N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs., No. CV 12-526 MV/GBW, 2020 WL 1466330, at *2 (D.N.M. Mar. 26, 2020) (noting the inconsistency between Seeds and Allen and recommending that the district court follow Allen), adopted, 2020 WL 1853048 (D.N.M. Apr. 13, 2020). At most, Seeds is a nonbinding, unpersuasive outlier, and this Court declines to adopt its reasoning. Accordingly, the Rosolens' second objection is overruled.

## CONCLUSION

For the reasons above, it is **ORDERED**:

1. The Rosolens' objections (Doc. 142) are **OVERRULED**.

2. The R&R (Doc. 141) is **ADOPTED** in full.

3. HPA's motion for taxation of costs (Doc. 132) is **GRANTED IN PART**.

4. HPA's motion for entitlement to attorneys' fees (Doc. 133) is **DENIED**.

5. The Clerk is **DIRECTED** to amend the judgment in favor of HPA and against the Rosolens to award costs in the amount of $3,746.19 and specifying that this award of costs bears post-judgment interest under 28 U.S.C. § 1961(a) from March 29, 2021, until paid.

**ORDERED** in Fort Myers, Florida, on September 27, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE